**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jody Williams, Wendy Williams, and Allen Cisson,
Defendants,

Of whom Jody Williams is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-000952

_____

Appeal From Pickens County
Alex Kinlaw, Jr., Family Court Judge

_____

Unpublished Opinion No. 2017-UP-157
Submitted March 13, 2017 – Filed April 11, 2017

_____

**AFFIRMED**

_____

Robert Scott Dover, of Law Offices of Scott Dover, of
Pickens, for Appellant.

Patti Beverly Ferguson, of the South Carolina
Department of Social Services, of Pickens, for
Respondent.

Steven Luther Alexander, of Alexander Law Firm, LLC, of Pickens, for the Guardian ad Litem.

---

**PER CURIAM:** Jody Williams appeals a removal order finding he sexually abused his stepdaughters (Child 1 and Child 2), removing Child 2 from him and Wendy Williams (Mother), and placing Child 2 with Clara Kelly (Grandmother).[1] On appeal, Williams argues the family court erred in (1) excluding the testimony of DSS caseworker Laura Hammond, (2) denying him the opportunity to proffer Hammond's testimony, (3) excluding testimony proffered by DSS caseworker Patience Johnson, (4) failing to admit Sherri Morris's written statement into evidence, and (5) finding he sexually abused Child 1 and Child 2. We affirm.[2]

On appeal from the family court, this court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 385-86, 709 S.E.2d 650, 651-52 (2011). The burden is on the appellant to convince this court that the family court erred in its findings. *Id.* at 388, 709 S.E.2d at 653.

Initially, although the family court erred in refusing to allow Williams to proffer Hammond's testimony, we find the record is sufficient to determine what Hammond's testimony would have been. Williams stated on the record what the testimony was intended to show. Specifically, he stated he planned to ask Hammond about Child 2's 2009 allegation that Williams had sexually abused her, which was determined to be unfounded. In his brief, Williams does not assert Hammond would have provided additional information if the family court had allowed her to testify. Thus, we find the record is sufficient to analyze this issue.[3]

---

[1] Child 1 was no longer a minor at the time of the removal order.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

[3] We do not intend to imply a party does not have a duty to proffer evidence. *See Jamison v. Ford Motor Co.*, 373 S.C. 248, 260, 644 S.E.2d 755, 761 (Ct. App. 2007) ("It is well settled that a reviewing court may not consider error claimed in the exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been."). Here, however, Williams requested a proffer and the family court denied his request.

We further find the family court erred in finding evidence of the prior unfounded case was inadmissible pursuant to section 63-7-940(A)(4). *See* S.C. Code Ann. § 63-7-940(A)(4) (2010) ("Access to and use of information contained in unfounded cases must be strictly limited to the following purposes and entities: . . . (4) as evidence in a court proceeding, if admissible under the rules of evidence as determined by a judge of competent jurisdiction . . . ."). However, we conclude Williams was not prejudiced by this error. *See Timmons v. S.C. Tricentennial Comm'n*, 254 S.C. 378, 405, 175 S.E.2d 805, 819 (1970) ("In order for this court to reverse a case based on the erroneous admission or erroneous exclusion of evidence the plaintiff must show error and prejudice."). Williams asserts his primary purpose for admitting the evidence was to attack the credibility of Child 1 and Child 2. Williams sought to attack Child 2's credibility by having Hammond testify about the 2009 case and specifically about Child 2 recanting her allegations of sexual abuse. Additionally, Williams sought to introduce information from Johnson regarding Child 2's 2009 allegations of sexual abuse. However, that evidence was already before the family court: Officer Culbreath testified that in 2009, Child 2 alleged Williams sexually abused her but later recanted her story. He explained Hammond believed Child 2 had trouble keeping her story straight; as a result, Officer Culbreath closed the case. Rebecca Miller testified Child 2 told her the 2009 allegations that Williams sexually abused her were not true. Miller explained she took Child 2 to the police station to withdraw her statement. Most importantly, Child 2 admitted she recanted the allegations. Based on Child 2's admission and Culbreath's and Miller's testimonies, we conclude Hammond's testimony was cumulative. Thus, the family court's error did not prejudice Williams.

Williams also sought to attack Child 1's credibility by having Johnson testify she was involved with other DSS investigations involving the family and Child 1 never alleged sexual abuse against Williams. Child 1, however, admitted she did not allege sexual abuse by Williams until November 2013—around the time DSS opened the underlying case. Because Johnson's testimony that Child 1 did not allege sexual abuse during the prior investigations was consistent with and cumulative to Child 1's admission, we find Williams was not prejudiced by the exclusion of Johnson's testimony.[4]

---

[4] Further, we find Williams impeached Child 1's and Child 2's credibility during Johnson's direct examination. Specifically, the family court allowed Johnson to testify Child 1 and Child 2 made ongoing allegations against Williams and Mother;

Finally, the family court's finding that Williams sexually abused Child 1 and Child 2 was supported by a preponderance of the evidence. *See Lewis*, 392 S.C. at 392, 709 S.E.2d at 655 (stating the appellate court will affirm a family court's factual findings unless the findings are unsupported by the preponderance of the evidence); S.C. Code Ann. § 63-7-1660(E) (2010) ("The court shall not order that a child be removed from the custody of the parent or guardian unless the court finds that the allegations of the petition are supported by a preponderance of evidence[,] including a finding that the child is an abused or neglected child as defined in [s]ection 63-7-20 and that retention of the child in or return of the child to the home would place the child at unreasonable risk of harm affecting the child's life, physical health or safety, or mental well-being and the child cannot reasonably be protected from this harm without being removed."); S.C. Code Ann. § 63-7-20(6)(b) (Supp. 2016) (stating a child is abused or neglected "when the parent, guardian, or other person responsible for the child's welfare: . . . commits . . . against the child a sexual offense as defined by the laws of this State . . . ."); S.C. Code Ann. § 63-7-20(21) (Supp. 2016) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."). Child 1's and Child 2's detailed accounts of the sexual abuse and location of the abuse was sufficient for the family court to find Williams sexually abused them. Although Williams denied the sexual abuse and presented evidence undermining Child 1's and Child 2's credibility, the family court "was in a superior position to make credibility determinations." *Lewis*, 392 S.C. at 385, 709 S.E.2d at 652. Williams has not shown "the preponderance of the evidence is against the finding of the [family] court." *Id.* at 392, 709 S.E.2d at 655 (alteration in original) (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E.2d 359, 360-61 (1899)). Thus, the decision of the family court is

**AFFIRMED.**[5]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

Johnson had difficulty discerning the truth of the allegations; and after accusations, the family would then "decide to play nice in the sandbox again."

[5] Williams's argument regarding the family court's exclusion of Morris's written statement is abandoned. In his brief, Williams merely asserts the family court was incorrect but fails to provide an argument or legal authority. *See S.C. Dep't of Soc. Servs. v. Mother*, 375 S.C. 276, 284, 651 S.E.2d 622, 626 (Ct. App. 2007) (finding an was issue abandoned when appellant's brief only included a conclusory argument without a citation of authority to support his claim).